IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| THE UNION CENTRAL LIFE INSURANCE COMPANY<br>1876 Waycross Road<br>Forest Park, Ohio 45240<br><br>       Plaintiff,<br><br>v.<br><br>PRIVATE CLIENT GROUP, LLC<br>c/o John A. Aiello, Esq., its Agent<br>Giordano, Halleran & Ciesla, PC<br>P.O. Box 190<br>Middletown, New Jersey 07748<br><br>AND<br><br>RICHARD C. URBEALIS, JR.<br>25 Quaker Road<br>Middletown, New Jersey 07748<br><br>       Defendants. | Case No. 1:11-cv-00063<br><br>COMPLAINT |

Plaintiff The Union Central Life Insurance Company ("Plaintiff") complains of Defendants Private Client Group, LLC ("PCG") and Richard C. Urbealis, Jr. ("Urbealis") and states:

**Parties:**

1. Plaintiff is a corporation duly organized under the laws of the state of Nebraska with its principal place of business located at 1876 Waycross Road, Forest Park, Ohio 45240.

2. PCG is a New Jersey limited liability company with a designated agent of John A. Aiello, Esq., Giordano, Halleran & Ciesla, PC, P.O. Box 190, Middletown, New Jersey 07748.

1

3. Urbealis is a citizen of New Jersey and resides, upon information and belief, at 25 Quaker Road, Middletown, New Jersey 07748. PCG and Urbealis are collectively referred to hereinafter as "Defendants."

**Jurisdiction:**

4. Jurisdiction. The Court has original jurisdictional of this civil action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants. In that regard, Plaintiff is a citizen of Ohio and Defendants are citizens of New Jersey. Furthermore, as more fully set forth below, Defendants consented to the Court's jurisdiction with respect to Counts I and III.

5. Venue. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, as a substantial part of the events or missions giving rise to Plaintiff's claim occurred in this district. Furthermore, as more fully set forth below, Defendants conceded that venue is proper in this district and division with respect to Counts I and III.

**Count I: Breach of Contract – Promissory Note**

6. On April 13, 2010, Defendants executed a promissory note ("Note") in favor of Plaintiff in the principal amount of Three Hundred Forty-Three Thousand Dollars ($343,000.00), a copy of which is attached hereto as Exhibit A, wherein Defendants agreed to satisfy Note by annual payments of principal and interest commencing on January 1, 2011 and ending on January 1, 2019.

7. Pursuant to Note, Defendants consented to the Court's personal jurisdiction and conceded that the Court is the proper venue for this dispute.

8. Defendants have failed to pay Note according to its terms and are therefore in default of Note.

2

9. Plaintiff is in possession of Note and does hereby elect to declare all the indebtedness on Note to be immediately due and payable from Defendants as provided in Note.

10. As of and including January 31, 2011, there was due and owing to Plaintiff from Defendants under Note the sum of Three Hundred Sixty-Two Thousand Seven Hundred Thirty-Three and 34/100 Dollars ($362,733.34).

**Count II: Unjust Enrichment**

11. On May 9, 2008, Plaintiff and Urbealis entered into a Branch Manager Contract ("BMC"), a copy of which is attached hereto as Exhibit B, wherein Plaintiff employed Urbealis for the purposes of operating a branch office agency of Plaintiff's in New Jersey ("Branch Office").

12. BMC contained a provision wherein Plaintiff agreed to reimburse Urbealis for Branch Office expenses.

13. Throughout BMC's duration, Plaintiff reimbursed Urbealis for expenses of One Hundred Seventy-Six Thousand Nine Hundred Twenty-Seven and 82/100 Dollars ($176,927.82) asserted by Urbealis to be related to Branch Office or BMC but ultimately shown to be unrelated.

14. As a result of Plaintiff's reimbursement of expenses incurred by Urbealis but unrelated to Branch Office or BMC, Urbealis received a benefit to Plaintiff's detriment which violates the principles of justice, equity and good conscience. As a result of the unjust enrichment of Urbealis, Plaintiff has been damaged in the amount of One Hundred Seventy-Six Thousand Nine Hundred Twenty-Seven and 82/100 Dollars ($176,927.82).

**Count III: Breach of Contract – Equipment Lease**

15. On April 13, 2010, Plaintiff and Defendants entered into a contract titled "Equipment Lease," a copy of which is attached hereto as Exhibit C, wherein Defendants leased certain furniture and equipment from Plaintiff for use in Branch Office.

3

16. Equipment Lease called for Defendants to make monthly payments of $6,870.45 per month commencing March 1, 2010 and ending on January 1, 2019.

17. Pursuant to Equipment Lease, Defendants consented to the Court's personal jurisdiction and conceded that the Court is a proper venue for this dispute.

18. Defendants have failed to pay Equipment Lease according to its terms and are therefore in default of Equipment Lease.

19. Plaintiff hereby elects to declare all indebtedness on Equipment Lease to be immediately due and payable from Defendants as provided in Equipment Lease.

20. As of and including January 31, 2011, there was due and owing to Plaintiff from Defendants under Equipment Lease the sum of Six Hundred Eighty-Six Thousand Seven Hundred Four and 23/100 Dollars ($686,704.23).

**Prayer:**

21. Plaintiff respectfully requests the following relief:

    (a) A judgment on Count I jointly and severally against Defendants in the amount of $362,733.34;

    (b) A judgment on Count II against Urbealis in the amount of $176,927.82;

    (c) A judgment on Count III jointly and severally against Defendants in the amount of $686,704.23;

    (d) That Plaintiff recover its attorney's fees and costs;

    (e) That Plaintiff recover pre-judgment and post-judgment interest at the highest rate and to the maximum extent permitted by law;

    (f) That Plaintiff have all such other and further relief, both general and special, at law and at equity, to which it may show itself justly entitled.

Respectfully submitted,

_____
John F. Kirtley II, Esq. (0077757)
**AMERITAS LIFE INSURANCE CORP.**
Law & Corporate Relations Department
1876 Waycross Road
Cincinnati, Ohio 45240
(513) 595-2338
(513) 833-1951 (mobile)
(513) 595-2918 (facsimile)
jkirtley@ameritas.com
*ATTORNEY FOR PLAINTIFF*
*THE UNION CENTRAL LIFE INSURANCE*
*COMPANY*

*J:\JFKSHARE\Distribution\-TIER 4\PCG\UCL v. PCG\Complaint.doc*